IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHANIEL HOWARD THOMAS,<br>    TDCJ #2334352,<br>    BOP #07052-078,<br>        PETITIONER,<br><br>V.<br><br>WARDEN MERIDA,<br>        RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL CASE NO. 3:21-CV-447-K-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, pro se Petitioner Nathaniel Howard Thomas' petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 3. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

On March 2, 2021, Thomas, a Texas state prisoner, filed a petition for writ of habeas corpus seeking to be transferred to federal custody because he was "being held on a state offense" in error. Doc. 3 at 1-2 (claiming he "received time served" for attempted failure to

---

[1] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES (providing that the § 2254 rules also apply to habeas petitions not covered under § 2254); and Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

register as a sex offender in Dallas County case number F-15-32566-V, but was sentenced instead to eight months); Doc. 3-1 at 3-4. Thomas also has an outstanding 12-month federal sentence for violating the terms of his supervised release in the Eastern District of Texas case number 4:98-CR-14(27). Doc. 3 at 1; Doc. 3-1 at 2. In his *Answers to Magistrate Judge's Questionnaire*, he avers that he "was serving a federal sentence when he was convicted and sent to state prison to serve 8 months that was not part of his plea bargain" and, thus, his state sentence was "false and doctored up somehow." Doc. 11 at 3. Thomas requests "to be returned to federal holdover to finish [his] federal sentence." Doc. 3 at 8. He also seeks a "criminal investigation" into the alleged "illegal actions" of both Dallas County and State Jail officials. Doc. 3 at 8; Doc. 3-1 at 7.

Thomas was recently released from the Texas Department of Criminal Justice and is en route to the Federal Bureau of Prisons ("BOP").[2] Therefore, this Court must therefore examine *sua sponte* whether his request for habeas relief is now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the

---

[2] Although Thomas is still listed as a federal prisoner on the BOP's website, he is "not [yet] in BOP custody" according to the BOP's website. *See* https://www.bop.gov/inmateloc/ (last accessed on May 20, 2021).

outcome' of the lawsuit.")

By his complaint, Thomas seeks speedier release from state custody and to be transferred to federal custody to complete his federal sentence. His release from state custody and pending transfer to the BOP renders moot this ground for relief.

In addition, Thomas' criminal-investigation request would not necessarily entitle him to earlier or speedier release and, thus, his claim is more appropriately addressed in a civil-rights action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (finding habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration"); *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (noting habeas relief generally exists solely "'to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose'" (quoting *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976)). As such, the Court concludes that it lacks subject matter jurisdiction over Thomas' criminal-investigation claim in this habeas action.

Accordingly, Thomas' petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The Clerk of the Court is **directed** to mail a copy of the *Findings, Conclusions and Recommendation* to Petitioner for this time to the address provided in his April 23, 2021 *Notice of Change of Address* (Doc. 10).

**SO RECOMMENDED** on May 21, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).